[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16856
Non-Argument Calendar
_____

D. C. Docket No. 04-00182-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ENRIQUE BELLO TERRIQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 18, 2007)**

Before ANDERSON, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Enrique Bello Terriquez appeals, as unreasonable, his 135-month

concurrent sentences imposed pursuant to his guilty plea for possessing with the intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and for conspiring to do those activities, in violation of 46 App. U.S.C. § 1903(a),(g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Terriquez argues that the district court did not give "fair consideration" to any factors other than the advisory Guideline range and maintains that the district court's general reference to 18 U.S.C. § 3553(a), followed by the imposition of a Guidelines sentence, did not satisfy its "statutory duty" to consider the § 3553(a) factors.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). The district court's imposition of a sentence and our reasonableness inquiry are guided by the factors outlined in § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); Winingear, 422 F.3d at 1246. The § 3553(a) factors take into account:

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

2

avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786. "[T]here is a range of reasonable sentences from which the district court may choose." Id. at 788. While a sentence within the advisory Guidelines range is not, per se, a reasonable sentence, we ordinarily expect such a sentence to be reasonable. Id. at 787-88. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. The district court is not obligated to specifically address and analyze every § 3553(a) factor on the record. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, the district court's statement that it has considered those factors is sufficient. Id. at 1330.

In this case, the district court heard Terriquez's arguments at sentencing, expressly considered the § 3553(a) factors, including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, and found that a sentence at the low end of the Guideline range was appropriate to satisfy the purposes of sentencing. Thus, Terriquez's sentence was reasonable. See Scott, 426 F.3d at 1330.

Upon review of the record and consideration of the parties' briefs, we affirm Terriquez's sentences.

**AFFIRMED.**